UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-01142-FWS-ACCV Date: August 19, 2026
Title: Mohamed Kanoute Drame v. Marin, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

Rolls Royce Paschal
Deputy Clerk

N/A
Court Reporter

Attorneys Present for Petitioner: Attorneys Present for Respondents:

Not Present Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REJECTING REPORT AND RECOMMENDATION [23]; DISMISSING PETITION AS MOOT**

## I. Introduction and Background

Petitioner Mohamed Kanoute Drame, "a native of Guinea, who entered the United States "as a Lawful Permanent Resident on January 25, 2007," brings this Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 against Respondents David Marin, Warden of Adelanto Immigration and Customs Enforcement ("ICE") Detention Facility; Kristi Noem, former Secretary of the Department of Homeland Security; Pam Bondi, former Attorney General of the United States; Thomas Giles, ICE Los Angeles Field Office Director; and James Pilkington, Assistant Field Office Director, Adelanto Detention Facility. (Dkt. 1 ("Petition") at 3.)

In 2007, 2009, and 2010, Petitioner "suffered convictions under California Penal Code" provisions related to "counterfeit goods." (*Id.*) Petitioner's "criminal attorney misadvised him to plead guilty, unaware of the collateral consequences he would face related to his immigration status." (*Id.*) "In 2020, Petitioner received a final order of removal, however, on June 16, 2020, Petitioner was released from CE custody on bond," remaining "on bond for five years without violating the terms or the conditions of his bond." (*Id.*) While Petitioner's appeal was pending, Petitioner "was successful in vacating all of his convictions" on the basis that Petitioner was unable "to meaningfully understand . . . potential adverse immigration consequences." (*Id.* at 3-4.) "After the Board ]of Immigration Appeals] dismissed [Petitioner's] appeal on March 18, 2025, Petitioner filed a Motion to Reopen and Terminate Removal Proceedings and a Motion

for Stay of Removal with the Board, all of which were properly served on the Government." (*Id.* at 4.)

"[O]n February 24, 2026, Petitioner was arrested and re-detained while reporting at one of his scheduled check-ins." (*Id.*) "Petitioner was never provided with a notification that his bond [was] being revoked, [] the reasons for the revocation," "an informal interview, or a chance to be heard." (*Id.* at 4-5.) Petitioner alleges his detention violates the Due Process Clause of the Fifth Amendment of the United States Constitution, the Administrative Procedures Act, and the *Accardi* doctrine. (*Id.* at 5.)

On March 16, 2026, the court granted in substantial part Petitioner's Motion for a Temporary Restraining order, ordering Respondents to release Petitioner from custody under the previous terms of supervision and stated that "any future enforcement actions after release must comply with the required procedures." (Dkt. 7 ("TRO") (internal quotation omitted).) Respondent complied, and Petitioner was released on March 17, 2026. (Dkt. 9.)

On March 27, 2026, the court denied as moot Petitioner's request for a preliminary injunction, reasoning, "Now that Petitioner has mostly obtained th[e requested] relief, (see TRO at 6), the court finds Petitioner fails to make an adequate showing that a preliminary injunction is warranted." (Dkt. 11 at 2.) The court referred further proceedings on the merits of the Petition, including the issue of whether the Petition should be dismissed as moot, to the assigned Magistrate Judge. (*Id.* at 3.)

Before the court is the Magistrate Judge's July 27, 2026, Report and Recommendation, which recommends the court grant the Petition in part. (Dkt. 23 ("Report and Recommendation") at 11.) Based on the record, as applied to the relevant law, and on *de novo* review, *see* 28 U.S.C. § 636(b)(1)(C), the court **REJECTS** the Report and Recommendation and **DISMISSES** the Petition.

## II. Legal Standard

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be

redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.* "Collateral consequences create concrete legal disadvantages." *Alam v. Carter*, 843 F. Appx. 953, 954 (9th Cir. 2021) (internal quotation marks omitted).

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987); *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal to be moot when the plaintiffs had already been granted the relief they sought). Courts have an obligation to consider mootness *sua sponte*, and should deny requested relief where it is superfluous. *In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005). The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

Based on the record, as applied to the relevant law, the court finds Petitioner's release "does not give rise to collateral consequences that are redressable by success on his original petition." *Abdala*, 488 F.3d at 1065; *see Mejia v. Semaia*, 2025 WL 2633165, *2 (C.D. Cal. 2025) ("[I]f release from custody fully resolves the claims raised in a habeas petition, the claims are indeed moot."). While it is true that Petitioner remains subject to continuing restraints on his liberty under the terms of his bond, the allegations in the Petition reflect that Petitioner was subject to similar restraints *before* his unlawful detention. (*See* Pet. at 3-4.) In other words, the effect of the relief granted in the TRO was to put Petitioner in the position he would have been were he never unlawfully detained.

In addition, the court finds that any concern regarding possible future re-detention appears to be "speculative and hypothetical." *Alam*, 843 F.Appx. at 954; *see id.* (holding that the petitioner's release from detention mooted his petition for a writ of habeas corpus and that "[a]ny risk of re-detention does not save his petition from mootness, as he was released pursuant to court order and there is thus a legal impediment to his re-detention"). Accordingly, the court does not find a preventative blanket order prohibiting re-detention absent a pre-deprivation hearing appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-01142-FWS-ACCV Date: August 19, 2026
Title: Mohamed Kanoute Drame v. Marin, *et al.*

## III. Disposition

For the foregoing reasons, the Report and Recommendation is **REJECTED**. The Petition is **DENIED AS MOOT.** This case is therefore **DISMISSED WITHOUT PREJUDICE**.